**3,535 ACRES OF LAND, MORE OR LESS, IN JACKSON COUNTY, FLA., et al.
v. UNITED STATES.**

No. 11016.

Circuit Court of Appeals, Fifth Circuit.

Jan. 30, 1945.

John M. Coe, of Pensacola, Fla., and James H. Finch, of Marianna, Fla., for appellant.

George S. Swarth and Vernon L. Wilkinson, Attys., Dept. of Justice, both of Washington, D. C., and Norman M. Littell, Asst. Atty. Gen., Lands Division, Dept. of Justice, George Earl Hoffman, U. S. Atty., of Pensacola, Fla., and John T. Wigginton, Sp. Atty., Dept. of Justice, of Milton, Fla., for appellee.

Before McCORD, WALLER, and LEE, Circuit Judges.

McCORD, Circuit Judge.

On April 20, 1942, the United States filed a petition for condemnation of certain lands in northern Florida for the purpose of establishing an air field. All the properties in question were transferred to the Government on agreed stipulated prices except tracts known and designated as Nos. 4 and 7. The judgment was entered November 19, 1943. Upon the return of a verdict fixing compensation for these two tracts, we have only the appeal of Mrs. Annie E. Bryan, who owned the tract of land known as No. 7, which consisted of 540 acres.

A consolidated trial before a single jury was had as to all the tracts of land in question, being numbers 4, 5, 6, 7 and 15.

At the conclusion of the trial the court prepared a form of verdict containing stipulated awards for the tracts of land of the certain owners other than appellant. This form set out the amounts to be paid to the owners who had agreed upon a stipulated award, and left the blank spaces to be filled in by the jury as to the value of Tracts No. 4 and 7.

The court did not err in furnishing to the jury a form of verdict and in permitting the stipulations to be introduced in evidence, as they were not permitted to go to the jury. In admitting them the court informed the jury, "These stipulations are admitted only as between the parties thereto and the United States. They have no bearing on the parcels on trial and will not be exhibited to this jury." Since the stipulations were not admitted as against appellant, her objection was sustained. The record shows that the stipulations "were not exhibited to the Jury and the Jury did not have access to them." The prepared form was to aid the jury in arriving at a verdict and to prevent confusion, and no error was committed in thus aiding the jury in its deliberations.

Much evidence was introduced as to the value of the property in question, and the jury was permitted to go upon the lands and inspect them. The court in a clear and lucid charge covered every phase of the law touching the condemnation of lands here involved, and was careful to explain to the jury that the personal inspection of the land was to be taken and considered along with all the evidence in the case.

The court, over the objection of the appellant, excluded testimony regarding prevailing rates of return on stocks and bonds as of April 1942, which was the time of the taking of the property. The appellant at the time of the ruling did not give to the court her theory on why the evidence was relevant. The reason now advanced is that she sought to show and prove prevailing interest rates at the time of taking to inform the jury just what amount of money she should receive to bring her as much income from stocks and bonds as she had been receiving from her farm lands and pecan orchard. Such evidence certainly was not relevant. In the first place, the evidence is almost without dispute that she derived no income from her property. Her son, who was a banker and bought and handled this farm for the appellant, testified that she derived no income from this property. Moreover, what people will do with money is as variable as are the tastes and capacities of men. One person might

have the capacity, like the servant in the parable, to take five talents and return them with a profit of five other talents, while another might merely bury his in the ground. In the acquisition of land by condemnation, fair market value cannot be based upon the capacity and experience of the landowner to handle and invest money. Furthermore, appellant's contention is unsound as a matter of law. The just compensation to which an owner is entitled is the fair market value of the property that has been taken. Roberts v. New York City, 295 U. S. 264, 284, 55 S.Ct. 689, 79 L.Ed. 1429; United States v. Miller, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336. The court clearly pointed out to the jury the rules by which such properties are condemned and prices therefor ascertained and fixed. The charge was not only correct, but was full and altogether fair to the appellant, and no error was commited in refusing to permit the evidence in question to go to the jury.

The verdict of the jury was predicated upon substantial evidence, and we are not warranted in overturning it here. Keystone Motor Freight Lines v. Brannon-Signaigo Cigar Co., 5 Cir., 115 F.2d 736; Texarkana Bus Co. v. Baker, 5 Cir., 142 F. 2d 491; Sapp v. Gardner, 9 Cir., 143 F.2d 423.

We find no reversible error in the record, and the judgment is affirmed.