## PACIFIC EMPLOYERS INS. CO. v. ORREN.

### No. 11844.

Circuit Court of Appeals, Fifth Circuit.

April 21, 1947.

Tom Sealy, of Midland, Tex., for appellant.

John J. Watts, of Odessa, Tex., for appellee.

Before McCORD, WALLER, and LEE, Circuit Judges.

PER CURIAM.

The appeal is from a judgment on a jury verdict awarding benefits under the Texas Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq.

Plaintiff's evidence is sufficient to support the verdict. Appellant complains, however, of remarks made by two of the jurors during deliberations of the jury, and asserts that the verdict should have been set aside by the trial court on the basis of affidavits secured from two of the jurors.[1] Certainly, jurors may use their common knowledge and experience in weighing the evidence in a case. Blue Diamond Bus Co. v. Hale, Tex.Civ.App., 69 S.W.2d 228. The attempt to impeach the verdict of the jury was improper and does not meet

---

[1] The issue was whether Orren had been injured by inhaling hydrogen sulphide gas. During deliberations of the jury, one of the jurors remarked that he knew something of the effects of such gas. He said he knew of an instance where a man had been killed and another made seriously sick by inhaling the gas. There was also sharp dispute in the medical testimony as to whether Orren had developed tuberculosis. A juror remarked during deliberations that the fact that Orren had gained weight would not preclude the existence of tuberculosis—the juror stating that he had a son who appeared to be fat and healthy, but had tuberculosis.

1012

with our sanction. In overruling the motion for a new trial the court committed no error. Eagle Lake Improvement Co. v. United States, 5th Cir., 160 F.2d 182; McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300; Loney v. United States, 10 Cir., 151 F.2d 1.

We find no reversible error in the record.

The judgment is affirmed.