**FORT WORTH & DENVER RAILWAY COMPANY, Appellant,**

v.

**A. W. THOMPSON and W. D. Sides, d/b/a Sides Fruit Company, Appellees.**

No. 14877.

United States Court of Appeals Fifth Circuit.

Nov. 23, 1954.

Rehearing Denied Jan. 4, 1955.

James C. Sanders, Amarillo, Tex., Culton, Morgan, Britain, & White, Amarillo, Tex., for appellant.

S. Tom Morris, Amarillo, Tex., Denning Schattman, Joe Spurlock, Ft. Worth, Tex., Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Tex., of counsel, for appellee W. D. Sides.

Davis, Schattman & Lewis, Fort Worth, Tex., for appellee A. W. Thompson.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., the suit was for damages resulting from an injury to plaintiff received while, as a member of a switching crew, he was working on an industry track which ran along the side of the warehouse of Sides Fruit Company, a corporation.

The injury occurred in this way. When the switch engine reached the warehouse it found the track blocked by a refrigerator car which was being unloaded into the warehouse; and it became necessary to move the car and close the warehouse doors. After this had been done, the switching movement then proceeded toward the south, the desired empties were picked up, and on the return journey plaintiff, who had climbed onto the side of one of the cars, was struck just above the knee, and his leg was broken, by the south half of the warehouse door which had in some way come open.

Plaintiff alleging that the defendant was negligent in respect of the dangers created by the open door, in failing to keep the door closed and in failing to warn plaintiff of the dangers arising therefrom, the defendant railway company answered denying plaintiff's charges of negligence and affirmatively and at length alleging, that plaintiff's own negligence and violation of rules had caused his injuries and further that, if there was any negligence other than that of plaintiff in the respects enumerated it was that of W. D. Sides, d/b/a Sides Fruit Company. In addition, defendant filed a third party complaint against W. D. Sides, d/b/a Sides Fruit Company, seeking recovery over by way of indemnity or, in the alternative, of contribution.

The case was then fully tried to the jury on all the issues joined and, at the conclusion of the evidence, the defendant, Sides, supporting his motion with proof, moved for an instructed verdict on the ground that he was not the owner or operator of the warehouse but that Sides Fruit Company, a corporation, was.

Thereupon, the defendant moving, for permission to withdraw its announcement of ready, for a continuance and, in the alternative, for permission to substitute for the personal defendant Sides the corporation Sides Fruit Company, the court reserved its ruling and, counsel for all parties having fully argued the cause, dismissed the third party complaint without prejudice to the defendant railway company and submitted to the jury the issues as between it and plaintiff.

Appealing from the verdict and judgment for plaintiff for $17,750.00, and putting forward four specifications of error,[1] defendant is here insisting that the judgment must be reversed. For the reasons hereafter briefly stated as to each specification, we do not think so.

■■ As to the first, it is sufficient to say of it that the entire argument,

---

[1] "I. The trial court erred in rendering judgment for appellee and against appellant on the answer of the jury to the court's general charge because, as a matter of law, appellant had no duty toward appellee which would support the issues of negligence inquired about therein.

"II. The trial court erred in refusing to consider the affidavit concerning jury misconduct filed with appellant's motion for new trial.

"III. The damages awarded to appellee in the verdict of the jury are so excessive and out of all proportion to the evidence as to indicate clearly that the entire verdict was motivated by bias, passion, prejudice and partiality against appellant on the part of the jury.

"IV. The trial court erred in dismissing without prejudice the third party defendant, W. D. Sides, dba Sides Fruit Company, and in permitting counsel for said third party defendant to argue the case to the jury after such dismissal."

addressed as it is to the absence of a duty toward appellee which would support the issues of negligence, is in fact an argument on the insufficiency of the evidence to sustain the verdict, and that, because, no motion having been made for a directed verdict, the specification under settled law presents nothing for our consideration.[2] Moreover, a consideration of the record as a whole convinces us that there was evidence to take the case to the jury and that if such a motion had been made it should have been denied for the insistence of defendant that the evidence of plaintiff himself shows that he was negligent, does not, it cannot under the Federal Employers' Liability Act, go to the right of plaintiff to recover but only to the amount of the recovery.

■ The second specification as to the jury misconduct[3] stands no better under the settled rule of law in the federal courts,[4] that the court will not hear a juror impeach his own verdict. The decisions, some of which appear in note 4, supra, cited and relied on by appellant for a contrary conclusion, deal not with misconduct of the jury as such in regard to its deliberations and method of reaching the verdict, but with the probable or possible effect upon the jury of extraneous matters which by outside influences have been brought to their attention. In City of Amarillo v. Emery, 5 Cir., 69 F.2d 626, 627, the rule is thus correctly stated:

" * * * It is also the general rule that a juror will not be permitted to impeach his verdict. However, there are exceptions to both rules. While a juror may not testify to a matter resting in his personal consciousness, affidavits of jurors, which show overt acts constituting misconduct or that extraneous matters that might influence the jurors have been brought to their attention, are admissible."

■ Appellant's third point, that the damages are excessive, stands the same way. Under the uniform rule of this and other federal courts, while excessiveness as matter of law will be relieved against in the Court of Appeals, relief against excessiveness as mere matter of fact must be sought in the trial court, and a complaint against such excessiveness in the appellate court does not even present a matter for our review.[5]

■ The fourth specification of error, dealing with the dismissal without prejudice of the third party claim against Sides, in our opinion presents no prejudicial error, both because, under the undisputed evidence, the action was improperly brought against Sides and should have been dismissed and because

2. C/o Smith v. Boggia, 2 Cir., 200 F.2d 604; Tharp v. Mundy, 5 Cir., 195 F.2d 987; Employers' Liability Assur. Corp. v. Lejeune, 5 Cir., 189 F.2d 521, at page 524.

3. As appellant states it, this is the misconduct complained of. The jury having retired under a general charge to determine whether plaintiff should recover and the amount of such recovery, the verdict was returned into court with appellee's damages assessed at $17,750. It was then retired a second time to consider whether appellee was contributorily negligent and seven special issues were submitted to it. Thereafter, as stated in one of appellant's affidavits, one or more of the jurors said that the damages previously assessed would be reduced if the jury found that appellee was guilty of any act of contributory negligence. This statement was discussed and though a majority of the jurors were of the opinion that the evidence proved that appellee was contributorily negligent, the jury returned negative answers to Special Issues Nos. 1, 3, and 5, because it did not want to reduce the damages previously assessed.

4. McDonald v. Pless, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300; Southern Pacific Co. v. Klinge, 10 Cir., 65 F.2d 85; City of Amarillo v. Emery, 5 Cir., 69 F. 2d 626; Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917; Pacific Employers Ins. Co. v. Orren, 5 Cir., 160 F.2d 1011.

5. Sunray Oil Corporation v. Allbritton, 5 Cir., 187 F.2d 475; on rehearing 5 Cir., 188 F.2d 751, Hutcheson, Chief Judge, concurring.

the course pursued by the court in respect to it was agreed to if not invited, by the defendant.

◼ The further claim in connection with this specification, that the dismissal occurred after Sides' counsel had argued the case to the jury, is no better taken both because no objection was at any time made, before or after his argument, as to his being allowed to argue, and because no showing is made from which it could be found or inferred that if there was error, such error was prejudicial.

No prejudicial error appearing, the judgment is

Affirmed.