**Robert JAYSON et al., Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 18604.

United States Court of Appeals
Fifth Circuit.

Oct. 13, 1961.

Royal H. Brin, Jr., Dallas, Tex., Strasburger, Price, Kelton, Miller & Martin, Dallas, Tex., of counsel, for appellants.

Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis and Elizabeth Dudley, Attys., Dept. of Justice, Washington, D. C., Ramsey Clark, Asst. Atty. Gen., William B. West, III, U. S. Atty., Fort Worth, Tex., for appellee.

Before RIVES, CAMERON and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

This is a condemnation suit brought by appellee, the United States, to acquire title to property owned by appellants Jayson et al., consisting of a five-story building with basement in downtown Dallas, Texas, and including the land on which it was situated. The complaint alleged that the property was to be taken for the construction of a federal building. The Government's estimate of just compensation for this parcel was $326,000, while the value claimed in the defendants' answer was $750,000. The case was tried before a jury, which returned a verdict in the amount of $380,000 upon which judgment was entered. Appellants moved for a new trial, upon the denial of which this appeal was taken.

The questions argued before us are these: whether the lower court erred in excluding evidence offered by appellants bearing upon the fair market value of the condemned property, and admitted over their objection allegedly improper evidence on the same subject; whether there was unlawful misconduct by the jury during its deliberations resulting in prejudice to appellants; and whether the court erred in refusing to permit appellants to show before the jury that a syndicate of individuals had executed a contract of indemnity to the government protecting it against the cost of the condemned property in excess of a certain amount, in denying appellants the right

to bring the indemnitors in as parties to the proceedings.

The property taken was land located in Dallas, Texas, which fronted fifty feet on Commerce Street, running through two hundred feet to Jackson Street, and fronting fifty feet thereon. On it was a five-story building with basement, estimated to be between forty and seventy-five years old, each floor containing 10,-000 square feet. The walls were twenty-two inches thick in the basement, decreasing to twelve inches at the top. There were some steel columns in the basement, but the upper floors had wood columns and girders.

The appellants purchased the property in 1955 for $200,000 as an investment, and then employed an architect to prepare plans for remodeling the building, the cost of which was a little more than $150,000 for permanent improvements. After the remodeling, three leases were entered into with various businesses on the basis of an annual rental of sixty-two cents to one dollar per square foot.[1] It was appellants' opinion that the "going return" for all space in the building would be two dollars per square foot.

Expert witnesses testified for both sides, the appellants' witnesses evaluating the property at $665,000 to $780,000. The government's expert witness, using various "accepted approaches," valued the property as of the date of taking at $326,000. Arguing that the trend of development is considered very important, appellee emphasizes that the government's witness testified that, since 1926, there has been about fifteen times as many square feet of space constructed east of Akard Street as that constructed west of this street, in which latter area the building was located.

The jury returned a verdict of $380,000 and final judgment was entered thereon. Appellants contend that the lower court erred in refusing testimony

[1.] Appellants offered evidence, which the court excluded, that other leases had been agreed upon, but the writings were returned when the intended lessees found that condemnation proceedings were in prospect. Proof was offered also that appellants had been offered $20,000 a year for the fourth floor, but the court rejected it.

by appellant Jayson that he was offered a certain amount for the property prior to the taking. This Court, as well as others, has held in numerous condemnation cases the landowner could not present evidence as to offers he had received from third parties. Atlantic Coast Line R. Co. v. United States, 1943, 132 F.2d 959; United States v. Dillman, 1945, 146 F.2d 572, certiorari denied, 325 U.S. 870, 65 S.Ct. 1409, 89 L.Ed. 1989; St. Joe Paper Co. v. United States, 1946, 155 F.2d 93; and see Sharp v. United States, 1903, 191 U.S. 341, 24 S.Ct. 114, 48 L.Ed. 211.

The exclusion of proffered testimony as to the amount that appellant claims to have been offered for the fourth floor of the building as office space, and offers which he said were withdrawn when the fact that the government contemplated taking the property became known, are subject to the same objection as the alleged offer to purchase the property. There was already ample testimony, given by a number of witnesses, as to the value of the property for use as office space. The court charged the jury to consider the "highest and most valuable use" of the property, and there had been testimony that the highest and best use was for office space.

■■■ The lower court did not err in refusing to admit testimony as to sales which occurred after the date of taking, this being peculiarly a matter for the discretion of the trial court. Jones v. United States, 1922, 258 U.S. 40, 42 S.Ct. 218, 66 L.Ed. 453, and International Paper Co. v. United States, 5 Cir., 1955, 227 F.2d 201, 209. Nor did the court err in requiring appellant to answer questions establishing that he paid $200,000 for the property. There is no merit in appellants' contention that this evidence should not have been admitted because of the remoteness in time of some three and one-half years. In the International Paper Co., case, supra, this Court said that it could not substitute its judgment for that of the trial court in determining whether a particular sale was too remote in point of time or was not comparable in size. Moreover, appellants were per-

mitted to introduce proof that the amount they had paid did not, because of the circumstances detailed, represent anything like the true value of the property at that time.

■■ The first ground of appellants' motion for a new trial is that the award of the jury was against the overwhelming weight of the evidence. They do not assert that there was not sufficient credible evidence to support the amount of the verdict, but base their argument on the ground that there was sufficient evidence in the record to justify a much larger award. We have held in a number of cases that a motion for a new trial is directed to the judicial discretion of the trial court and its ruling will not be disturbed in the absence of a clear abuse of that discretion, and that we will not overturn the verdict of a jury which is based upon substantial evidence. Davis v. Yellow Cab Co. of St. Petersburg, 5 Cir., 1955, 220 F.2d 790; 3,535 Acres of Land v. United States, 5 Cir., 1945, 146 F.2d 872; and Stephens v. United States, 5 Cir., 235 F.2d 467.

■ ■ They next contend that the court below abused its discretion in refusing to grant a new trial because of the alleged acts of misconduct on the part of the jury. We do not think so. Most of the acts complained of took place in the jury room and related largely to discussions between the jurors. The court below will be presumed to have considered all of the affidavits and to have applied correct legal standards in passing upon their admissibility and weight. Cf. Eagle Lake Improvement Co. v. United States, 5 Cir., 1947, 160 F. 2d 182. And see generally City of Amarillo, Texas v. Emery et al., 5 Cir., 1934, 69 F.2d 626; Pacific Employers Insurance Co. v. Orren, 5 Cir., 1947, 160 F.2d 1011; and Ft. Worth & Denver Ry. Co. v. Thompson, 5 Cir., 1954, 216 F.2d 790.

■ We think the court below properly declined to bring in as parties the individual citizens of Dallas, Texas who had indemnified the Government against having to pay more than a certain figure for the property in question so as to in-

duce the location of the federal building at the site chosen. The only question involved in this action is the value of the property condemned by the United States, and the only proper parties are the Government and the owners of the property taken or of interests therein.

Finally, we do not think that the lower court erred in sustaining the Government's objections to certain oral depositions and interrogatories of the appellants. The trial court is granted a large measure of discretion in determining such minutiae of the trial and its action will not be disturbed except where this discretion is abused. We do not think that there was any abuse in the actions taken by the court here.

Finding no reversible error in the actions and rulings of the court below, its judgment is

Affirmed.