John C. COOK, et al., Plaintiffs,

v.

PAN AMERICAN WORLD AIRWAYS, INC., Air Line Pilots Association, International, Air Line Pilots Association, Pan Am Chapter, Flight Engineers International Association, Flight Engineers International Association, Pan Am Chapter, Defendants.

and

Charles P. Caudle and Vincent Wynne, individually, and as Representatives of all similarly situated pilots of Pan American World Airway, Inc., formerly in the employ of National Airlines, Inc., Proposed Defendants-Intervenors.

84 Civ. No. 1651(RWS).

United States District Court, S.D. New York.

May 9, 1986.

Butler & Binion, Houston, Tex., for plaintiffs; Jeffrey C. Londa, of counsel.

Pan American World Airways, Inc., New York City, for defendant Pan American World Airways, Inc.; Richard Schoolman, of counsel.

Air Line Pilots Ass'n, Intern., Washington, D.C., for defendant Air Line Pilots Ass'n, Intern.; John Cohn, of counsel.

O'Donnell & Schwartz, New York City, for defendant Flight Engineers Intern. Ass'n; Asher Schwartz, of counsel.

Cotton, Watt, Jones & King, Chicago, Ill., Friedlander, Gaines, Cohen, Rosenthal & Rosenberg, New York City, for movants-proposed intervenors; Jeffrey P. Englander, of counsel.

SWEET, District Judge.

Charles P. Caudle and Vincent Wynne ("movants"), individually and as representatives of all similarly situated Pan American World Airways, Inc. ("Pan Am") pilots formerly in the employ of National Airlines, Inc. ("National"), bring this motion pursuant to Rule 24, Fed.R.Civ.P. to intervene as party defendants in the above-captioned case. For the reasons discussed below, the motion is denied.

## I. Facts and Prior Proceedings

Following the merger of National into Pan Am, the pilots of the new airline company were also merged into a single bargaining unit. As part of the merger proceedings, arbitrator Lewis M. Gill issued a decision consolidating the seniority lists of Pan Am and National (the "Gill Award"). The Gill Award served as the blueprint for Pan Am's current pilot seniority system. Pilots formerly employed by Pan Am ("plaintiffs") filed this action against their unions (collectively referred to as "ALPA") and Pan Am alleging that the current seniority system violates the Age Discrimination in Employment Act of 1967, as amended. 29 U.S.C. §§ 621–634 ("ADEA"). Specifically, plaintiffs claim that the merged seniority system wrongfully placed them below younger less experienced former National pilots. The complaint also alleges a breach of duty of fair representation in connection with the negotiation and implementation of the Gill Award by ALPA.

Essentially, movants argue that they represent the only party subject to injury in this litigation. That is, if plaintiffs prevail, the current seniority system would be voided or changed, and the plaintiffs would be reinstated to their "rightful" position in the seniority system. This upward placement of the plaintiffs would necessarily cause the former National pilots to be relatively lower on the seniority totem pole.

## II. Discussion

Rule 24 of the Fed.R.Civ.P. governs motions to intervene. In relevant parts, the rule states:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

* * * * * *

In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Movants alternatively request intervention of right and permissive intervention. Intervention of right is denied because defendants adequately represent any protectable interest. Permissive intervention is denied for failure to allege an independent ground of jurisdiction.

## A. Intervention of Right

In *Restor-A-Dent Dental Laboratories v. Certified Alloy Products*, 725 F.2d 871 (2d Cir.1984), the Second Circuit distilled a four part test from Rule 24(a):

> [A]n intervenor must show that: (1) the application is timely; (2) "the applicant claims an interest relating to the property, or transaction which is the subject matter of the action ..."; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party.

725 F.2d at 874. Although the application is arguably timely, movants can neither claim a direct "interest" nor inadequate representation by existing defendants.

### 1. Timeliness

In their opposition papers, plaintiffs argue that the intervention motion is not timely. Since movants filed the motion five months after the underlying case was remanded to this court and discovery has already begun, plaintiffs assert that permitting intervention would cause serious, possibly prejudicial, delay. In response, movants attempt to explain their delay by reference to proceedings in another civil suit and represent that they will not interrupt or delay the on-going discovery process.

In determining the timeliness of a motion to intervene, courts have considered the stage of the proceedings, possible prejudice to other parties, reasons for the delay, the length of time the applicants knew of and "slept on" their rights, and an examination of the merits of the motion. *Officers For Justice v. Civil Service Commission*, 473 F.Supp. 801, 827 (N.D.Cal.1979), *aff'd*, 688 F.2d 615 (9th Cir.1982). *See Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir.1977). Although a court may deny a motion to intervene for failure adequately to explain delay, *Bossier City Medical Suite v. City of Bossier*, 483 F.Supp. 633 (W.D.La.1980), the concept of timeliness is a flexible one. *McDonald v. E.J. Lavino, Co.*, 430 F.2d 1065, 1074 (5th Cir.1970). Movants' five month delay has not been adequately explained since the other action which they rely upon to explain their delay would not alter their status as intervenors in this action. However, there is no indication that intervention would be prejudicial to the other parties. Given the leniency with which this court has treated the requirement of timeliness, *e.g., Cook v. Bates*, 92 F.R.D. 119, 122 (S.D.N.Y.1981), the movants' delay does not warrant denial of the motion.

### 2. Movants' Interest

A clear definition of the "interest relating to the property or transaction which is the subject of the action" has not yet been established by the courts. Wright & Miller, *Federal Practice and Procedure.* Be-

fore the 1966 amendment, Rule 24 allowed intervention of right only when the applicant "is or may be bound by a judgment in the action." The 1966 Amendment to this Rule expanded the right to intervene, but it does not include *any* interest. A valid interest must be direct, as opposed to remote or contingent, *see In re Penn Central Commercial Paper Litigation,* 62 F.R.D. 341, 346–47 (S.D.N.Y.1974), *aff'd,* 515 F.2d 505 (2d Cir.1975), and must be "significantly protectable." *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 542–43, 27 L.Ed.2d 580 (1971).

The interest claimed by the movants is their desire not to be moved down the seniority list in the event of a judgment for the plaintiffs. Movants claim a plaintiffs' verdict and subsequent shuffling of the seniority list would deprive them of certain seniority entitlements defined by the Gill Award. Movants state that "such entitlements clearly create enforceable contract rights," and intervention should be permitted to protect those rights.

The Ninth Circuit has found that the desire to protect other employees' seniority rights is not within those interests which provide a right to intervention. *See Dilks v. Aloha Airlines, Inc.,* 642 F.2d 1155, 1157 (9th Cir.1981) (holding that while junior pilots will be affected by a former pilot's suit for reinstatement, "the juniors have no legally protectable right to benefit from an invalid discharge"). As the movants note, this holding assumes the validity of the plaintiffs' claims and is therefore premised on a tautology that prejudges the merits of the suit. While the individual employees do not have a direct responsibility in the discrimination suit because they are not charged with the defendants' alleged discriminatory conduct, they have rights based on the collective bargaining agreement between ALPA and Pan Am which might be affected by a finding of discrimination.

The Fifth Circuit has held that employees which have a contractual right to seniority possess a "significantly protectable interest" under Rule 24(a)(2). *Stallworth v.*

*Monsanto Co.,* 558 F.2d 257, 268–69 (5th Cir.1977). As explained by that court, "[a]lthough seniority advantages are not indefeasibly vested rights, and cannot bar the way to effective Title VII relief to members of a class affected by racial discrimination, they nonetheless represent an expectancy whose significance is difficult to overemphasize, and which should not be lightly or blindly swept aside." *Id.* at 269 (citations omitted). In this Circuit, courts have also concluded that individuals whose employment rights would be affected by a discrimination suit had a sufficient interest for the purposes of intervention. *See Underwood v. New York Office of Court Administration,* 20 Empl.Prac.Dec. (CCH) ¶ 30,157 (S.D.N.Y.1979). *See also Kirkland v. New York State Department of Corrections,* 520 F.2d 420 (2nd Cir.1975) (without discussion of intervention issue, circuit court noted intervention of individual employees as defendants). In accordance with these decisions, therefore, the court recognizes that the movants have a protectable interest in this litigation.

### 3. Impairment of Movants' Interest

While the movants have an interest in this litigation, they have not established that their interest in the current seniority system could be impaired by the outcome of this litigation. Plaintiffs' complaint names only Pan Am and ALPA as defendants. Plaintiffs' suit does not present claims against movants, nor have they raised any additional claims. Thus, movants have not demonstrated any particular claims in this action which would affect their contractual seniority rights. In essence, the movants seem to be asserting that they would be uniquely affected by any remedial relief which might be afforded to the plaintiffs. However, a court is under an affirmative duty to consider such interests when assessing the propriety either of proposed settlements or proposed remedies. *See, e.g., Mandujano v. Basic Vegetable Products,* 541 F.2d 832, 837 (9th Cir.1976). These considerations can be accomplished without the intervention of a

group having no particular legal claims to assert. Moreover, the movants' interest in preserving the present system is adequately represented by existing defendants as discussed below. *See Ionian Shipping v. British Law Insurance,* 426 F.2d 186, 190 (2d Cir.1970).

#### 4. Adequate Representation

■ Finally, the existing parties are adequately representing movants' interest. When the interest of the absentee is identical to that of an existing party, or if there is a party charged by law with representing the absentee's interest, "representation will be presumed adequate unless special circumstances are shown." Wright & Miller, *Federal Practice and Procedure* § 1909. *See Sidberry v. Koch,* 539 F.Supp. 413 (S.D.N.Y.1982). In this action, the defendant ALPA is the authorized collective bargaining representative of the movants and is therefore legally bound to represent fairly the interests of its members. Thus, "movants face a more stringent burden, ... a very strong showing of inadequate representation must be made." *Spirt v. Teachers Insurance and Annuity Association,* 93 F.R.D. 627, 643–44 (S.D.N.Y. 1982).

Three factors guide this court's analysis and serve as an outline of the discussion to follow:

> (1) Are the interests of a present party in the suit sufficiently similar to that of the absentee such that the legal arguments of the latter will undoubtedly be made by the former; (2) is that present party capable and willing to make such arguments; and (3) if permitted to intervene, would the intervenor add some necessary element to the proceedings which would not be covered by the parties in the suit?

*Blake v. Pallan,* 554 F.2d 947, 955 (9th Cir.1977).

■ First, movants' interest and defendants' interest are identical—both seek to defeat plaintiffs' claim that the present collective bargaining agreement is discriminatory and both seek to protect the status quo of the seniority system. A desire not to repeat the costly, time-consuming disruptive processes which culminated in the Gill Award most likely motivates the defendants. Movants are presumably motivated by the favorable treatment which the current system provides. Regardless of motivation, however, both movants and defendants wish to preserve the Gill Award and the current seniority system.

Second, there is no indication that ALPA and the other defendants will conduct anything but a vigorous defense. Movants raise no arguments that cannot or will not be asserted by ALPA. In fact, movants note that ALPA has "faithfully fulfilled and continu[es] to fulfill its obligations to defend the Gill Award against all measures of attack."

Movants challenge ALPA's ability to adequately defend their interest in two respects. Movants first argue that since plaintiffs and movants are members of the same union (ALPA), "it cannot be assured that ALPA will vigorously defend this action on Movants' behalf simply because ALPA is bound to defend the Gill Award, since ALPA must look at a broader spectrum of interests than those of Movants and must similarly fulfill a broader range of obligations." This argument is not persuasive. ALPA, and the other defendants have demonstrated a strong interest in defending the current seniority system. Simply because one faction of ALPA's membership is dissatisfied, the conclusion that ALPA is unable to adequately defend the Gill Award and the seniority system does not follow. In *Monroe v. United Airlines,* 32 Fair Empl.Prac.Cas. (BNA) 1256 (N.D. Ill.1982), plaintiff-pilots challenged United's mandatory retirement age. ALPA, a defendant, represented the union crew members who opposed the suit. In deciding a third party's motion to intervene, the court did not find a fatal conflict of interest as argued here. Instead the court held that ALPA adequately represented the applicant's interests, noted "ALPA has fought vigorously to represent their interests

against plaintiffs," *id.* at 1258, and denied the intervention motion.

Movants cite two cases in support of this conflict of interest argument. In *National Farm Lines v. I.C.C.,* 564 F.2d 381 (10th Cir.1977), petitioners, who were denied intervention before the district court, challenged the adequacy of governmental representation of their private interests. The circuit court held that I.C.C.'s conflict between representing the intervenor's private interests and its duty to represent the public interest "satisfie[d] the minimal burden of showing inadequacy of representation." 564 F.2d at 384. Here, movants carry the burden of a *strong* showing of inadequate representation. *Spirt, supra,* 93 F.R.D. at 643–44. also, ALPA does not face a conflict similar to the I.C.C.'s in *National Farm Lines.* Although a theoretical conflict may exist (ALPA is contractually bound to represent movants and plaintiffs), ALPA is not representing both parties' interests as I.C.C. would have if intervention were denied. ALPA has firmly taken the position of defending the seniority system—a position identical to movants. *New York Public Interest Research Group v. Regents of the University of the State of New York,* 516 F.2d 350 92d Cir.1975) is similarly distinguishable. In *NYPIRG,* a governmental body, the Board of Regents, was confronted with the conflict of representing private economic interests and the interests of the public welfare. The private parties obtained intervention. Such a diversity of interests does not exist between ALPA and movants as existed between the private parties and the public interest as represented by the government in *National Farm Lines and NYPIRG.*

Movants base their second challenge to ALPA's ability to adequately represent their interest on the separate law suit between movants and ALPA, *Caudle v. Pan Am,* No. 84–2059 (D.D.C.). In *Caudle,* movants have charged Pan Am and ALPA with breach of contract and breach of duty to represent in connection with the implementation of the Gill Award following its adoption. Accordingly, movants assert that the representation of movants' inter-

est in this case by Pan Am and ALPA—the parties charged in *Caudle* with abridging movants' seniority rights—may be inadequate. This argument fails for the simply reason that the central issue in *Caudle* is quite different than the issue here. *Caudle,* which centers on violations of the Gill Award, necessarily assumes the validity of the Gill Award. This action challenges the validity of the Gill Award and the entire seniority system. Although there may exist a theoretical conflict where movants are suing ALPA in one action and are represented by ALPA in another, practically, both ALPA and movants speak with the same voice in the instant case.

■ Considering the third factor enumerated in *Balke v. Pallam, supra,* there is no indication that movants would add any necessary element to this case which will not be addressed by an existing party. Movants claim they possess intimate knowledge of the Gill Award necessary for the proper continuation of this case which the other defendants do not possess. Special knowledge or expertise alone, however, is insufficient to support a motion to intervene. Such knowledge is more appropriately advanced through amicus curiae status, for example. *See Blake v. Pallam, supra,* 554 F.2d at 953. In sum, movants fail to overcome the presumption of adequate representation which arises from the identity of interests between movants and defendants and ALPA's statutory obligation to represent movants.

## B. Permissive Intervention

There are at least three preliminary hurdles movants must negotiate before this court may exercise its discretion to grant permissive intervention: (1) the motion must be timely, Rule 24(b); (2) movants' claim or defense and the main action must have a question of law or fact in common, Rule 24(b)(2); and (3) movants must show an independent grounds of jurisdiction to support their permissive intervention. 3B Moore's Federal Practice, ¶ 24.18[4]. If movants successfully clear these hurdles,

"Rule 24(b) necessarily vests broad discretion in the district court to determine the fairest and most efficient method of handling a case with multiple parties and claims." *SEC v. Everest Management Corp.*, 475 F.2d 1236, 1240 (2d Cir.1972).

First, with the reservations stated above, movants' request for permissive intervention is timely. Second, movants' assertions have a question of law or fact in common with the main action—the validity of the seniority system. Movants fail, however, to establish independent grounds of jurisdiction.

█ As a general rule, an applicant for permissive intervention must establish an independent ground of jurisdiction. *National American Corp. v. Federal Republic of Nigeria*, 425 F.Supp. 1365, 1368 (S.D. N.Y.1977). Plaintiffs invoked this court's jurisdiction over the main action pursuant to 28 U.S.C. § 1343 and the doctrine of pendent jurisdiction. Subsection 4 of section 1343 grants district courts original jurisdiction of actions brought "under any Act of Congress providing for the protection of civil rights." The Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, which forms the core of plaintiffs' suit, is an "Act of Congress" within the meaning of 28 U.S.C. § 1343. Movants, if permitted to intervene, would not be raising a claim or defense under the above statutes, and they do not assert any other ground for jurisdiction. Thus, this court cannot exercise its discretion to grant permissive intervention.

█ Even if movants did establish an independent ground of jurisdiction, this court would not be inclined to grant permissive intervention. Noting Rule 24(b), movants' intervention may cause "undu[e] delay or prejudice the adjudication of the rights of the original parties." For example, as noted in plaintiffs' opposition papers, movants purport to represent an entire class of approximately 600 former National pilots, yet movants have taken no steps towards certification of that class.

There is significant potential for prejudicial delay if intervention is permitted, and counter-balancing benefits are not apparent. *See United States Postal Service v. Brennan*, 579 F.2d 188 (2d Cir.1978) (permissive intervention was properly denied because the intervenor raised no new issues and would merely delay adjudication of the case by his presence). Permitting movants to intervene would not represent the "fairest and most efficient" means of handling this case.

### III. Conclusion

Movants' request for intervention as of right is denied because they have not presented unique claims that will be affected by from the present action and because the defendants adequately represent their interests. Movants' request for permissive intervention is denied for failure to establish an independent ground of jurisdiction. However, in the event of a finding of discrimination and a hearing relative to any required relief, leave is hereby granted to renew this application.

IT IS SO ORDERED.