UNITED STATES of America, Plaintiff,

v.

36.46 ACRES OF UPLAND AND 118.76 ACRES OF LAND UNDERWATER, More or Less, In the BOROUGH OF STATEN ISLAND, COUNTY OF RICHMOND, STATE OF NEW YORK, CITY OF NEW YORK, et al., Defendants.

No. CV–86–3392.

United States District Court, E.D. New York.

Nov. 20, 1986.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn, N.Y., for plaintiff; Robin L. Greenwald, Asst. U.S. Atty., of counsel.

Thomas P. Carolan, Atty., Land Acquisition Section, Land and Natural Resources Div., Dept. of Justice, Washington, D.C., for defendants.

Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York, New York City, for defendant City of New York; Carole S. Slater, Joseph I. Lauer, Robert Pfeffer, of counsel.

Anne E. Simon, Franklin Siegel, Center for Constitutional Rights, Randall M. Weiner, New York Public Interest Research Group, Jerry H. Goldfeder, Goldfeder and Bookman, New York City, for applicants for intervention.

BARTELS, District Judge.

In this case we are presented with the issue of whether a private third party may, under somewhat novel circumstances, intervene either by right or permissively in an eminent domain proceeding initiated by the United States Government against the City of New York (City). The private third party is the Coalition for a Nucleur Free Harbor (Coalition), a non-profit unincorporated association whose primary purpose is to facilitate public education and discussion regarding the Navy's Homeporting Program. The property at issue is the Stapleton Waterfront and surrounding submerged land, which is located on Staten Island. The facts follow.

### Facts

Pursuant to its Homeporting Program, the Navy requires a new Surface Action Group base in the northeastern portion of the United States. Several municipalities have actively sought out the Navy in this regard, including the City, which initially offered to lease the Stapleton Waterfront area to the Navy for a period of fifteen years at a rental of one dollar per year. The Navy, however, determined that it required ownership in fee of the land upon which its new homeport would be constructed. Title to such land was to be acquired through exercise by the United States of its eminent domain power, pursuant to Congressional authorization.

Perceiving that a new Naval port would benefit the local economy, the City actively negotiated with the United States to facilitate transfer of title. Specifically, in a Memorandum of Understanding drawn up on January 30, 1986, the City and the United States set up a framework for effecting the title transfer at "fair market" value. This Memorandum was later ratified by the City Board of Estimate on February 20, 1986.

The Coalition then initiated an Article 78 proceeding in the New York State Supreme Court in March, 1986, alleging that the Memorandum was entered into by the City in an arbitrary and capricious manner that violated the State Environmental Quality Review Act, the New York City Uniform Land Use Procedure, and § 197–c of the City Charter. The Coalition sought to permanently enjoin the City's implementation of the Memorandum, and moved for preliminary injunctive relief.

Meanwhile, on September 19, 1986, in contemplation of eminent domain proceedings, the City and the United States entered into a stipulation agreeing that just compensation for the property at issue was 2.2 million dollars. Six days later, on September 25, 1986, the State Supreme Court denied the Coalition's preliminary injunction motion and underlying petition. Thereafter, an appeal was timely filed with the New York State Appellate Division, which remains pending.

In accordance with the Memorandum of Understanding, the United States then filed a Declaration of Taking in the United States District Court for the Eastern District of New York on October 9, 1986, pursuant to which the United States deposited 2.2 million dollars as just compensation. Simultaneously with such deposit, title to the property at issue passed to the United States, by operation of 40 U.S.C. § 258a. The Coalition now seeks to intervene in this federal eminent domain proceeding, concerning which oral argument was heard.

### Discussion

Because title to the property at issue passed on October 9, 1986, by operation of federal statute, it is possible that the Coalition may already be precluded in this proceeding from receiving the relief it ultimately seeks, which is to stop the Navy's proposed Homeport on Staten Island. Assuming the Coalition has some viable position in this action, the Court turns to the merits.

Intervention as a matter of right is governed by Rule 24(a)(2) of the Federal Rules

of Civil Procedure,[1] which requires a would be intervenor to meet four criteria. They are: one, that the intervenor's application be timely; two, that the intervenor has an interest in the subject matter of the action; three, that disposition of the action as a practical matter may impair the intervenor's interest; and four, that representation of such interest by the existing parties is inadequate. *Equipment Corp. v. Siemans Medical Systems, Inc., et al.,* 797 F.2d 85 (2d Cir.1986).

The Coalition's motion to intervene was clearly timely for the purposes of Rule 24(a)(2). *See Cook v. Pan American World Airways, Inc.,* 636 F.Supp. 693 (S.D. N.Y.1986). However, the Coalition does not meet the second requirement of Rule 24(a)(2) because its interest is insufficient regarding the subject matter of the action.

■ Though the term "interest" in the intervention context is not reducible to a simple definition, it is clear that the asserted interest must be "significantly protectible." *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). In other words, the asserted interest must be "direct and immediate" rather than "remote or contingent." *Restor-A-Dent Lab. v. Certified Alloy Products, Inc.,* 725 F.2d 871, 874 (2d Cir.1984). Moreover, the interest must be based upon a right which belongs to the proposed intervenor, rather than to an existing party to the suit. *In re Penn. Central Comm. Paper Litigation,* 62 F.R.D. 341 (S.D.N.Y. 1974), *aff'd w/o opinion, Shulman v. Goldman, Sachs & Co.,* 515 F.2d 505 (2d Cir.1975).

■ Applying these principles to the case at hand, it is clear that the eminent domain proceeding involves only the question of whether the City is receiving "just compensation" for the Stapleton Waterfront and surrounding underwater property. There are only two legal interests implicated in such a proceeding. They are: one, the sovereign's right to exercise its power of eminent domain and, two, the property owner's Due Process rights under the Fifth and Fourteenth Amendments to receive just compensation. *See United States v. 36.96 Acres of Land,* 754 F.2d 855, 858 (7th Cir.1985), *cert. den., Save the Dunes Council, Inc. v. United States,* —— U.S. ——, 106 S.Ct. 1956, 90 L.Ed.2d 364 (1986). *See also Jayson v. United States,* 294 F.2d 808 (5th Cir.1961). The Coalition concedes that it has no interest in the eminent domain proceeding as such. Instead, it claims an interest in the proceeding by reason of an asserted necessity to preserve the effectiveness of its state court appeal, which otherwise would be rendered moot[2] by a completed eminent domain proceeding here. The Coalition claims that such an interest is sufficient to satisfy Rule 24(a)(2). We disagree.

Neither caselaw nor policy support the Coalition's claim of a Rule 24(a)(2) interest in the instant situation. Specifically, we have found no case which would warrant a finding by this Court that the Coalition's "interest" in preserving a state court appeal is sufficient to justify intervention as of right. *See United States v. Carmack,* 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209 (1947), *reh. den.,* 329 U.S. 834, 67 S.Ct. 627, 91 L.Ed. 706. The Coalition cites *LaR-*

1. Rule 24(a)(2) states that:
   Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest unless the applicant's interest is adequately represented by the existing parties.

2. Of course, it is beyond question that no state or locality can interfere with an otherwise legitimate exercise by the United States of its emi-

nent domain power, unless the federal statute authorizing such condemnation explicitly incorporates relevant state or local law as a limitation on the United States' power. *United States v. Carmack,* 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209 (1947), *reh. den.,* 329 U.S. 834, 67 S.Ct. 627, 91 L.Ed. 706. It would follow that a decision of that state court is in the same category. In the instant case, there is no state or local law limitation. *See* 40 U.S.C. §§ 257, 258a. *See also* Act of Congress approved December 3, 1985 (Public Law 99–167) and Act of Congress approved December 10, 1985 (Public Law 99–173).

*ouche v. Federal Bureau of Investigation,* 677 F.2d 256 (2d Cir.1982), and *Oneida Indian Nation of Wisconsin v. State of New York,* 732 F.2d 261 (2d Cir.1984), as support for its "interest" argument. In those cases, intervention was justified because *stare decisis* would affect the intervenors' ability to protect their interests in the underlying lawsuit. Both holdings, however, are necessarily predicated upon the court finding that the intervenor held a sufficient interest in the underlying lawsuit, which is not the case here. The Coalition's motion for intervention of right is therefore denied.

The Coalition has also sought to intervene permissively pursuant to Fed.R.Civ.P. 24(b). According to this branch of Rule 24:

> [u]pon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

As with the Civil Rules generally, Rule 24(b) is usually given a liberal construction. *Washington State Bldg. & Construction Trades Council, AFL–CIO v. Spellman,* 684 F.2d 627, 630 (9th Cir.1982), *cert. den., Don't Waste Washington Legal Defense Foundation v. Washington,* 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983). However, liberality does not equate to the right of indiscriminate intervention. *Stadin v. Union Electric Co.,* 309 F.2d 912, 918 (8th Cir.1962), *cert. den.,* 373 U.S. 915, 83 S.Ct. 1298, 10 L.Ed.2d 415 (1963). The underlying purpose of Rule 24(b) is to encourage one action or hearing, where appropriate, rather than a multiplicity of hearings, *TPI Corp. v. Merchandise Mart of South Carolina, Inc.,* 61 F.R.D. 684 (D.S.C.1974), and permissive intervention is wholly at the Court's discretion, *U.S. Postal Service v. Brennan,* 579 F.2d 188 (2d Cir.1978), and very broad. *Restor-A-Dent Lab.,* 725 F.2d at 876.

When making a permissive intervention determination, the court's principal concern is whether the proposed intervention will unduly delay or prejudice the adjudication of the original parties' rights. *Brennan, supra.* Significantly, undue delay can occur prospectively, in a suit that has not yet been lengthy. *Restor-A-Dent Lab.,* 725 F.2d at 877. Other factors going to an exercise of the court's discretion include whether the applicant will benefit by intervention; the nature of the applicant's interests; whether the applicant's interests are adequately represented by the other parties; and whether the applicant will significantly contribute to a full development of the original suit's underlying factual issues and to a just, equitable adjudication of the legal issues presented. *Brennan,* 579 F.2d at 191–92.

In this case the only possible reason for permitting the Coalition to intervene would be to protect its asserted "appellate interest." However, as heretofore discussed, the nature of this interest is highly speculative and not legally significant. Moreover, even if relevant, the resolution of the Coalition's pending appeal may well delay the eminent domain proceeding unduly. Therefore, the Coalition's motion for permissive intervention is denied.

SO ORDERED.