AMERICAN LUNG ASSOCIATION, American Lung Association of Nassau–Suffolk, American Lung Association of Queens, American Lung Association of Brooklyn, Environmental Defense Fund, Natural Resources Defense Council, State of New York, State of Connecticut, Commonwealth of Massachusetts, State of Maine, State of Rhode Island, and Joseph Bergen, Plaintiffs,

v.

William K. REILLY, Administrator of the Environmental Protection Agency and the United States Environmental Protection Agency, Defendants,

Alabama Power Company, et al., Movants for Intervention.

No. 91–CV–4114 (JRB).

United States District Court, E.D. New York.

Feb. 13, 1992.

Stroock & Stroock & Lavan, New York City (Robert J. Zastrow, Martin S. Baker, Karen Jore, Gregory Belcamino, of counsel), for plaintiffs American Lung Ass'n, American Lung Ass'n of Nassau–Suffolk, American Lung Ass'n of Queens, American Lung Ass'n of Brooklyn, Environmental Defense Fund and Joseph Bergen.

Craig Galli, U.S. Dept. of Justice, Environment and Natural Resources Div., Environmental Defense Section, Gerald Gleason, Sr. Atty., Air and Radiation Div., U.S. E.P.A., Office of the General Counsel, Washington, D.C., Andrew J. Maloney, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Paul Weinstein, Asst. U.S. Atty., of counsel), for defendants.

Hunton & Williams, New York City, Franklin H. Stone, Henry V. Nickel, Lucinda Minton Langworthy, Norman W. Fichthorn, Lauren E. Freeman, Hunton & Williams, Washington, D.C., for movants Alabama Power Co., et al.

## MEMORANDUM DECISION AND ORDER

BARTELS, District Judge.

### Background

The plaintiffs filed a citizens' suit against the defendants to remedy alleged violations

of 42 U.S.C. §§ 7401–7642, popularly known as the Clean Air Act. The plaintiffs allege that the defendants have not reviewed the National Ambient Air Quality Standards ("NAAQS") of the Clean Air Act for at least twelve years, despite an allegedly non-discretionary duty to do so every five years under 42 U.S.C. § 7409(d)(1). The plaintiffs seek relief as follows: [1] a declaratory judgment that defendants failed to perform administrative duties as required under 42 U.S.C. § 7409(d)(1) on December 31, 1985 and on December 31, 1990, [2] an injunction ordering that within one year the defendants must review the NAAQS, propose retention or revision of them, consider comments from the public, and promulgate a final ruling of some sort, and [3] attorneys and experts fees and costs pursuant to 42 U.S.C. § 7604(d). The defendants filed an answer to the complaint asserting affirmative defenses of failing to state a claim upon which relief can be granted, lack of subject matter jurisdiction and sovereign immunity.

Alabama Power Company, 66 other electric utilities, and three utility trade associations ("Alabama Power") now move to intervene as of right or permissively as defendants pursuant to Fed.R.Civ.P. 24. Alabama Power regularly discharges into the air quantities of ozone, a pollutant regulated by the NAAQS. Alabama Power filed a provisional answer to the plaintiff's complaint in which it, like the defendants, asserts the affirmative defenses of failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. For the reasons set forth below, the motion to intervene is denied.

### Discussion

I.  *Intervention As of Right Under Fed. R.Civ.P. 24(a)(2)*

■ Fed.R.Civ.P. 24(a)(2) sets forth a four part test for a third-party motion to intervene as of right. Rule 24(a)(2)'s four requirements are as follows: [1] the proposed-intervenor must file a timely application, [2] claiming an interest relating to the property or transaction which is the subject of the action, [3] with the applicant so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect its interest, [4] unless the applicant's interest is adequately represented by existing parties. Fed.R.Civ.P. 24(a)(2); *Washington Elec. v. Mass. Mun. Wholesale Elec.*, 922 F.2d 92, 96 (2d Cir.1990). All four parts of Rule 24(a)(2) must be satisfied in order for an applicant to qualify for intervention as of right. *Id.* While Alabama Power's application is timely, its application fails all three of the remaining requirements of Rule 24(a)(2) for the reasons stated below.

■ Part two of the test requires that the applicant have an interest in the proceeding that is "direct, substantial, and legally protectable." *Id.* at 97. The applicant's interests in the lawsuit must not be "remote from the subject matter of the proceeding, or ... contingent upon the occurrence of a sequence of events...." *Id.*[1] Alabama Power claims two legally protectable interests in this lawsuit as follows: [1] an interest in the possibility that if the current ozone NAAQS are made more stringent, it then might face higher operating costs, and [2] an interest in the timetable this Court might impose in connection with an injunction directing the defendants to perform their administrative duties. Both of these purported interests are not protectable under Rule 24(a)(2).

■ Alabama Power's asserted interest in any subsequent NAAQS rulemaking is based upon a "double contingency" of events; first, the plaintiffs must prevail in this lawsuit and second, the defendants

---

1.  Alabama Power also asserts that part two of the Rule 24(a)(2) requires only that an intervenor have a "potential" interest in a lawsuit. This interpretation of Rule 24(a)(2) defies controlling precedents in this Circuit. *See Washington Elec.*, 922 F.2d at 97 ("[a]n interest that ... is contingent upon the occurrence of a sequence of events before it becomes colorable will not satisfy the rule"); *H.L. Hayden Co. v. Siemens Medical Systs., Inc.*, 797 F.2d 85, 88 (2d Cir.1986); *Restor–A–Dent Dental Laboratories, Inc. v. Certified Alloy Prod.*, 725 F.2d 871, 874 (2d Cir.1984); *see also* 3B Moore's *Federal Practice* ¶ 24.07[2] at 54 (2d ed. 1991) ("the alleged interest must be 'direct' and not 'remote' or 'contingent'") (supporting quotations omitted).

must then downwardly revise the NAAQS standards. *Id.* The plaintiffs here seek an order requiring the defendants to initiate administrative rulemaking concerning the NAAQS. They do not seek an order requiring the defendants to revise the NAAQS, much less in a manner which potentially works against the purported economic interests of Alabama Power. Assuming the plaintiffs are successful, the defendants could conduct rulemaking proceedings and decide either not to revise the NAAQS or to revise them in a manner working in favor of Alabama Power's economic interests. Accordingly, Alabama Power's first asserted interest in this lawsuit is purely contingent and speculative. *Id.* at 96–97.

Alabama Power's second asserted protectable interest turns on the timetable for administrative rulemaking sought by the plaintiffs. Alabama Power asserts that its interest in developing a full and complete scientific record would be thwarted by the "unrealistic" schedule proposed by plaintiffs. The plaintiffs complaint seeks a rulemaking schedule spanning approximately one year measured from the date of an injunction. The schedule would require that the defendants propose revision or retention of the NAAQS, consider comments, and then promulgate a final ruling of some sort within that time period. This schedule approximates the rulemaking timetable apparently envisioned under 42 U.S.C. § 7409(d) for NAAQS rulemaking. *See* 42 U.S.C. § 7409(d). Alabama Power cannot assert any type of legally protectable interest in the plaintiffs' proposed rulemaking timetable which, assuming the plaintiffs are successful, would be similar to the rulemaking schedule apparently prescribed for NAAQS under the Clean Air Act.

■ Alabama Power's application also does not satisfy part three of the Rule 24(a)(2) test. Part three asks whether the applicant's interests would be practically impaired by not participating in the lawsuit. *Id.* at 96–98. Alabama Power would have an opportunity to participate in any NAAQS rulemaking ordered by this Court in a manner virtually identical to that afforded under the Clean Air Act. Moreover, a judgment in favor of the plaintiffs here could not impair Alabama Power's ability to challenge any procedural or substantive defect of any subsequent rulemaking in the United States Court of Appeals for the District of Columbia Circuit as provided in 42 U.S.C. § 7607(b)(1). *See also ManaSota-88, Inc. v. Tidwell,* 896 F.2d 1318 (11th Cir.1990) (denial of motion for intervention brought by electric power generation facilities in Clean Water Act citizens suit affirmed in part because judgment for plaintiff could not impede its ability to challenge subsequent Environmental Protection Agency ("EPA") rulemaking).

■ The application also fails part four of the Rule 24(a)(2) test. Part four requires the applicant to show that its interests are not adequately represented by the defendant. Alabama Power has made no showing, as it must do under Rule 24(a)(2), that the defendants will not pursue its defenses to this lawsuit "vigorously." *Washington Elec.,* 922 F.2d at 98. Indeed, Alabama Power's provisional answer to the complaint raises affirmative defenses no different than the defendants' answer. Moreover, Alabama Power has made no showing that the defendants will not vigorously challenge the reasonableness of the rulemaking schedule sought by the plaintiffs. *Id.* In *Natural Res. Defense Council v. N.Y. State D.E.C.,* 834 F.2d 60 (2d Cir.1987), a consortium of gasoline station retailers sought to intervene in a citizens suit to compel New York State Department of Environmental Conservation ("DEC") to implement pollution control strategies for ozone and carbon monoxide as required under Clean Air Act. The DEC had already formulated pollution control strategies such that the major issue facing the court was the proper timetable, if any, under which the DEC should be ordered to implement the strategies. *Id.* at 61. The Second Circuit affirmed the district court's decision to deny intervention under Rule 24(a)(2) because the proposed-intervenors could not demonstrate an interest in opposing implementation schedules that would not be adequately represented by the DEC itself. *Id.* at 61–62. Similarly, Alabama

Power cannot demonstrate here an interest in opposing the rulemaking schedule sought by the plaintiffs that will not be adequately represented and vigorously litigated by the defendants themselves.

## II. *Permissive Intervention Under Fed.R.Civ.P. Rule 24(b)(2)*

Since Alabama Power has no right to intervene under Rule 24(a)(2), it alternatively moves for permissive intervention under Rule 24(b)(2). Rule 24(b)(2) vests the district court with "broad" discretion to consider whether permissive intervention will delay the lawsuit or prejudice the adjudication of the rights of the original parties. *Id.; Washington Elec.*, 922 F.2d at 98. Alabama Power's presence might unduly delay or prejudice the rights of the original parties in this case, where a speedy adjudication is required, because it would duplicate representation anticipated by the EPA. *Id.* at 98; *United States of America v. 36.46 Acres of Upland*, 113 F.R.D. 124, 127 (E.D.N.Y.1986). Consequently, the Court declines to exercise its discretionary power to grant permissive intervention here.

### Conclusion

The Court has carefully considered the merits of Alabama Power's application to intervene under Fed.R.Civ.P. Rule 24 as defendant, and for the reasons stated above, it is hereby DENIED. The Clerk's Office is hereby directed to remove Alabama Power's answer to the plaintiffs' complaint from the case docket and file.

SO ORDERED.